# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MOHAMMED SHAIKH,**

     **Plaintiff,**

-vs-              **Case No. 6:11-cv-176-Orl-35GJK**

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION also known as Fannie Mae,
DAVID STERN, Attorney for CitiMortgage, GREG
DREILINGER, Attorney for CitiMortgage,
ROBYN KATZ, Attorney for CitiMortgage,
CITIMORTGAGE, INC. also known as CitiMortgage,
THE CONTINENTAL GROUP INC., LAW OFFICES OF
DAVID J. STERN, P.A., Attorney for CitiMortgage also
known as Law Office, FIRST SERVICE RESIDENTIAL
MANAGEMENT INC.,**

     **Defendants.**
_____/

## ORDER

This cause is before the Court on a review of Plaintiff's Second Amended Complaint (Doc. 32)[1] and the following motions:

1. Motion to Dismiss by First Service Residential, George Alexander Gordon, Gail Stephens, The Continental Group, Inc. (Doc. 38);

2. Motion to Dismiss by Federal National Mortgage Association (Doc. 39);

3. Motion to Dismiss by Citimortgage, Inc. (Doc. 40);

---

[1] Although Plaintiff filed a Third Amended Complaint (Doc. 36), it is not being considered here as Plaintiff had neither the consent of any opposing party or leave of court to file it. See Fed. R. Civ. P. 15(a).

    4.    Motion to Strike Amended Complaint by Citimortgage, Inc., Federal National Mortgage Association (Doc. 41);

    5.    Motion to Strike Amended Complaint by Gregg Richard Drielinger, Corie Goldblum, Rachel Robyn Katz, Law Offices of David J. Stern, P.A., David James Stern (Doc. 42); and

    6.    Motion to Dismiss Second Amended Complaint by Gregg Richard Drielinger, Cori Goldblum, Rachel Robyn Katz, Law Offices of David J. Stern, P.A., and David James Stern (Doc. 43).

Plaintiff's late response addressed only two of the above motions (#1 and # 4) (Doc. Nos. 46, 47). Plaintiff has not responded to any of the other above motions and the time to do has passed. See Local Rule 3.01(b).

Plaintiff's Second Amended Complaint fails to show any basis for federal jurisdiction. Jurisdiction is a threshold matter and a case cannot proceed if the court lacks subject-matter jurisdiction to hear the case. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

There is no diversity jurisdiction as Plaintiff and more than one Defendant reside in Florida. And, while Plaintiff cites to five federal laws and the constitution (18 U.S.C. 1344(2), 18 U.S.C. 1341, 18 U.S.C. 1343, 18 U.S.C. 241, the Protecting Tenants at Foreclosure Act, and the Fifth Amendment to the United States Constitution), none of the cited laws provide for a private cause of action. Four of the five laws are for criminal, not civil, actions (18 U.S.C. §§ 1344(2), 1341, 1343, and 241). The Protecting Tenants at Foreclosure Act does not create a private right of action. See Nativi v. Deutsche Bank Nat. Trust Co., No. 09-06096 PVT, 2010 WL 2179885, at *4 (N.D. Ca. May 26, 2010). The provisions of the Fifth

Amendment to the Constitution are inhibitions upon the power of government and its agencies rather than the action of private persons. Birbeck v. Southern New England Prod. Credit Ass'n., 606 F. Supp. 1030, 1034 (D. Conn. 1985). Plaintiff has not alleged that any of the Defendants are agencies of the government.

The counts of the Second Amended Complaint allege breach of implied covenant of good faith and fair dealing, breach of contract, fraud, bad faith dealing, negligent misrepresentation, intentional infliction of emotional distress, conspiracy, and abuse of process. These claims are not created by federal law, and do not turn on a substantial question of federal law. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Plaintiff's Second Amended Complaint fails to establish that either federal law has created a cause of action or his relief depends on resolution of a substantial question of federal law. Thus, it does not arise under federal law within the meaning of 28. U.S.C. § 1331. See Kondaur Capital Corp. v. Fremont Inv. & Loan, No. 2:10-cv-652-FtM-29DNF, 2011 WL 617178, at *2 (M.D. Fla. Feb. 15, 2011)(citing Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006)).

Plaintiff has been granted leave in both this case and a prior case for the same actions (Case No. 6:10-cv-1032-Orl-JA/GJK) to file a complaint that asserts a proper basis for federal jurisdiction. The most recent Order allowing an amendment (Doc. 31), advised that failure to file a complaint that asserted a proper basis for federal jurisdiction, would result in this case being dismissed with prejudice.

There being no jurisdiction, this case is dismissed with prejudice. All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___7___ day of ~~May~~ June, 2011.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party